IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BJ ENERGY LLC, FRANKLIN POWER LLC, | : | |
|---|---|---|
| GLE TRADING LLC, OCEAN POWER LLC, | : | |
| PILLAR FUND LLC, and ACCORD ENERGY, | : | |
| LLC, | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| PJM INTERCONNECTION, LLC, | : | |
|     Defendant and Counterclaim | : | |
| Plaintiff, | : | |
| | : | Nos. 08-3649 and |
|     v. | : | 09-2864, consolidated |
| | : | |
| MARK GORTON, TOWER RESEARCH | : | |
| CAPITAL LLC, TOWER RESEARCH | : | |
| CAPITAL INVESTMENTS LLC, ACCORD | : | |
| ENERGY LLC, BJ ENERGY LLC, FRANKLIN | : | |
| POWER LLC, GLE TRADING LLC, OCEAN | : | |
| POWER LLC, PILLAR FUND LLC, and | : | |
| POWER EDGE LLC, | | |
|     Counterclaim Defendants. | | |

**Norma L. Shapiro, S.J.**                                                                        April 13, 2010

## MEMORANDUM

This matter is before the court on the PJM Interconnection, LLC ("PJM") motion to strike certain of the counterclaim-defendants' affirmative defenses under Rule 12(f) or, in the alternative, for partial judgment on the pleadings under Rule 12(c).

    I.      INTRODUCTION

On April 16, 2008, PJM filed a complaint in the United States District Court for the District of Delaware (Civil Action No. 08-216-JJF, "the Delaware action") against Mark Gorton and various hedge funds under his direct or indirect ownership or control; it stated claims under RICO and Delaware state law.  On July 2, 2008, BJ Energy LLC,

Franklin Power LLC, GLE Trading LLC, Ocean Power LLC, Pillar Fund LLC, and Mark Gorton filed a complaint in the Philadelphia County Court of Common Pleas against PJM. PJM removed that action to this court on August 4, 2008 (Civil Action No. 08-3649, "the Pennsylvania action"). By Order of July 13, 2009, the former Delaware action was consolidated as a counterclaim in the Pennsylvania action.

In their answer to the counterclaim, the counterclaim-defendants assert that: the PJM counterclaim is based on allegations of market manipulation for which no private right of action exists; PJM fails to state a RICO claim and therefore this court will lack jurisdiction over the pendent state law claims once the RICO claim is dismissed; PJM has not suffered an injury-in-fact and, even if it has, PJM has failed to mitigate its damages; and the counterclaim-defendants' actions were taken in good faith. These claims are set forth in the answer as affirmative defenses two and four through seven. PJM seeks to strike these defenses, or in the alternative, asks for judgment on the pleadings as to these defenses.

**II.     DISCUSSION**

PJM first moves to strike certain of the counterclaim-defendants' affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure.

### A.     Rule 12(f) Standard

An affirmative defense constitutes a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." BLACK'S LAW DICTIONARY 451 (8th ed. 2004). Federal Rule of Civil Procedure 12(f) provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A court is reluctant to grant a motion to strike an affirmative defense because it requires a premature evaluation of the merits, before the necessary

2

factual background is developed. *See United States v. Sensient Colors, Inc.*, 580 F. Supp. 2d 369, 374 (D.N.J. 2008); *see also North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158-59 (E.D. Pa. 1994) (striking a pleading is a "drastic remedy" to be used sparingly because of the difficulty of deciding a case without a factual record). A motion to strike will only be granted where the insufficiency of the defense is clearly apparent. *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986).

An affirmative defense is legally insufficient where it cannot succeed under any set of facts which may be inferred from the allegations of the pleading. *Linker v. Custom-Bilt Machinery Inc.*, 594 F.Supp. 894, 898 (E.D.Pa. 1984). An affirmative defense stated in general terms will not be deemed insufficient as long as it gives plaintiffs fair notice of the nature of the defense. *See U.S. v. Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694, at *4 (W.D.Pa. July 5, 1991). Where a defense is nothing more than a bare bones conclusory allegation, it may be stricken. *Cintron Beverage Group, LLC v. DePersia*, No. 07-3043, 2008 WL 1776430, at *2, 2008 U.S. Dist. LEXIS 30716, at *5 (E.D. Pa. Apr. 15, 2008).

      **B.**     **Timeliness**

Counterclaim-defendants argue that the motion to strike is untimely under Rule 12(f) because it was asserted more than twenty days after service of the answer. Rule 12(f) provides that a party may move to strike within twenty days of being served with the pleading. Fed.R.Civ.P. 12(f). Counterclaim-defendants filed their Answer with Affirmative Defenses on April 24, 2009, in the Delaware action. PJM filed its motion to strike on November 25, 2009, in the consolidated action. PJM's motion is untimely.

However, Rule 12(f) permits the court to consider the sufficiency of a defense at any time. Courts have construed that section of the rule to mean that they may entertain motions to strike even if untimely. *See Krauss v. Keibler-Thompson Corp.*, 72

F.R.D. 615, 617 (D. Del. 1976); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed.) ("The court may strike material from a pleading on its own initiative."). The "time limitations of Rule 12(f) should not be applied strictly when the motion to strike seems to have merit." *Id*. (collecting cases where courts have considered the merits of untimely motions to strike). Striking several of the defenses is appropriate notwithstanding the tardiness of the motion.[1]

### C. Merits

PJM puts forth three general arguments in support of its motion to strike: (1) counterclaim-defendants' affirmative defenses are improper because they merely deny allegations in the complaint; (2) the affirmative defenses are legally insufficient; and (3) the affirmative defenses are "bare bones conclusory allegations" that fail to provide PJM with notice and an opportunity to respond.

#### 1. Seventh Affirmative Defense

PJM moves to strike the seventh affirmative defense because it merely denies allegations set forth in the complaint. Counterclaim-defendants' seventh affirmative defense states: "Any alleged conduct by [counterclaim-]defendants complained of by [PJM] was, and is, undertaken in good faith for legitimate business reasons." PJM asserts that the seventh defense merely attacks the truth of PJM's allegations of the counterclaim-defendants' intent, and "defenses" that are simply factual denials should be stricken.

PJM's position is that because it alleged that the counterclaim-defendants acted with intent to defraud, counterclaim-defendants cannot respond that their actions were in good faith. This argument leads to the untenable result that a defendant can be

---

[1] Because the court elects to address the motion to strike affirmative defenses on the merits, the alternative motion by PJM, for partial judgment on the pleadings, is moot.

4

prevented from asserting the defense of good faith as a result of plaintiff's *allegation* that the defendant acted with fraudulent intent. Good faith is a complete defense to charges of acting with fraudulent intent because good faith is inconsistent with the intent to defraud. *See United States v. Zehrbach*, 47 F.3d 1252 (3d Cir. 1995). The motion to strike will be denied as to this defense.

### 2. Legally Insufficient

PJM moves to strike counterclaim-defendants' second, fourth and eighth affirmative defenses as legally insufficient.

#### (a) Second Affirmative Defense

The second affirmative defense states: "The [counterclaim] concerns allegations of market manipulation for which there is no private right of action and thus fails to state a claim upon which relief can be granted." PJM argues this defense must be stricken for failure to state a claim because PJM has not asserted any claims under 16 U.S.C. § 824v ("Prohibition of energy market manipulation"). Counterclaim-defendants assert that 16 U.S.C. § 824v expressly precludes a private right of action for energy market manipulation and, because PJM's RICO claim depends on allegations of energy market fraud, it is barred.

Denying counterclaim-defendants' motion to dismiss, the Delaware court determined that PJM's complaint alleged "a fraudulent pattern of conduct intended to exploit and *manipulate [PJM's] energy market*." *See PJM Interconnection LLC v. Gorton*, No. 08-216, 2009 U.S. Dist. LEXIS 25719 at *7 (D. Del. Mar. 30, 2009) (emphasis added). But, because it is not clear that this affirmative defense to a RICO claim is insufficient as a matter of law, PJM's request to strike counterclaim-defendants' second affirmative defense will be denied without prejudice to a motion for summary judgment at the end of discovery.

5

### (b) *Fourth Affirmative Defense*

Counterclaim-defendants' fourth affirmative defense asserts that the court lacks subject matter jurisdiction because the complaint fails to state a claim upon which relief can be granted under RICO. The defense further asserts that the court lacks subject matter jurisdiction over PJM's non-statutory claims that are pendent to its RICO claim because PJM fails to state a RICO claim, and no other basis for federal court jurisdiction exists.

The Delaware court had original jurisdiction over the federal RICO claim under 28 U.S.C. § 1331 and exercised supplemental jurisdiction over the state-law claims because they arose from the same common nucleus of operative fact that would ordinarily be expected to be tried in one judicial proceeding. *See PJM Interconnection*, No. 08-216, 2009 U.S. Dist. LEXIS 25719 at *8; 28 U.S.C. § 1367(a). A district court's decision whether to exercise supplemental jurisdiction, even after dismissing every claim over which it had original jurisdiction, is discretionary. *Osborn v. Haley*, 549 U. S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the [d]istrict [c]ourt would have discretion, consistent with Article III, to retain jurisdiction."). A district court's exercise of its discretion under Section 1367 is not a jurisdictional matter, and may not be raised at any time as a jurisdictional defect. *Carlsbad Tech., Inc. v. HIF Bio., Inc.*, 129 S. Ct. 1862, 173 L. Ed. 2d 843, 849 (2009); *see also* 16 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE §106.05[4], p. 106–27 (3d ed. 2009). Counterclaim-defendants' fourth affirmative defense will be stricken.

### (c) *Eighth Affirmative Defense*

Counterclaim-defendants' eighth affirmative defense provides that PJM lacks standing, or is otherwise not a proper plaintiff. PJM is correct that the Delaware court considered this exact argument on counterclaim-defendants' motion to dismiss. *See PJM Interconnection*, No. 08-216, 2009 U.S. Dist. LEXIS 25719 at *5-6. In denying

6

counterclaim-defendants' motion to dismiss, the Delaware court accepted as true certain factual allegations contained in the complaint, including the existence of a $47 million default and conduct by counterclaim-defendants that undermined PJM's market. The allegations of a complaint are accepted as true on a motion to dismiss, and contrary facts may have come out during the course of discovery.

If a motion to dismiss is denied, a plaintiff may not rest on allegations concerning its standing, but must submit proof adequate to carry its burden of establishing this element of its case. The Supreme Court stated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992):

> Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.

504 U.S. at 561. PJM's request to strike counterclaim-defendants' eighth affirmative defense will be denied without prejudice to a motion for summary judgment at the end of discovery.

### 3. Failure to Meet the Rule 8 Standard

PJM moves to strike counterclaim-defendants' fifth and sixth affirmative defenses, arguing that both fail to provide it with notice as to the nature of the defense and its legal basis.

#### (a) Fifth Affirmative Defense

The fifth affirmative defense states: "[PJM] has not suffered any injury cognizable under any law or regulation." PJM asserts that the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), applies to affirmative defenses, and because counterclaim-defendants have failed to assert what "law or regulation" bars

PJM's claim, the defense should be stricken as ambiguous and conclusory. Alternatively, if counterclaim-defendants premise this defense on the same arguments made before the Delaware court in their motion to dismiss, PJM argues the defense must be stricken as duplicative and legally insufficient under 12(b)(6).

Because the Delaware court previously concluded that PJM's counterclaim alleges a legally sufficient injury-in-fact, and because this court will enforce PJM's continuing requirement to provide factual support for its injury allegations, counterclaim-defendants' fifth affirmative defense will be stricken without prejudice to a motion for summary judgment at the end of discovery.

### (b) Sixth Affirmative Defense

The sixth affirmative defense states: "[PJM] has failed to mitigate any damages it purports to have suffered." PJM argues this defense is insufficient under Rule 8 because it fails to identify how PJM failed to mitigate its damages or even which damages PJM failed to mitigate.

An affirmative defense pled in general terms will not be deemed insufficient as long as it gives plaintiffs fair notice of the nature of the defense. *See Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694, at *4. The Delaware court recognized that PJM asserted damages comprising the approximately $47 million default and injury to its market as a result of counterclaim-defendants' alleged pattern of conduct. *PJM Interconnection*, No. 08-216, 2009 U.S. Dist. LEXIS 25719 at *5. The court also stated, "[t]he extent to which [PJM] may be able to mitigate that damage is a factual question inappropriate for disposition in a Motion to Dismiss." *Id.* at *6. At this stage, the parties are well aware of the damages claimed by PJM, as well as possible means of mitigating those damages; for example, the Default Allocation Assessment would have allowed PJM to shift its loss to the other, paying members of its market.

In any event, where "a pleading …. is so vague or ambiguous that the party cannot reasonably prepare a response," Rule 12(e) permits a party to file for a more definite statement; PJM declined to avail itself of this remedy. Fed.R.Civ.P. 12(e). In complex litigation such as these consolidated actions, it is through the discovery process that the parties refine their claims. The court declines to strike counterclaim-defendants' sixth affirmative defense.

### III. CONCLUSION

For the reasons set forth above, PJM's motion to strike counterclaim-defendants' affirmative defenses will be granted as to the fourth and fifth affirmative defenses. PJM's motion to strike will be denied in all other respects. Because the court has exercised its discretion to consider the motion to strike, PJM's alternative motion for partial judgment on the pleadings will be denied as moot. An appropriate order will follow.